## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡

WILLIAM A. PERKINS, JR., ANN P. PERKINS AND POLLY P. MCGAVOCK,
ET AL. v. COUNTY OF ALBEMARLE.

November 26, 1973.

Record No. 8144.

Present, All the Justices.

*William A. Perkins, Jr.; David J. Wood, Jr.; J. Harry Michael, Jr.
(E. Gerald Tremblay; Paul Peatross; McGuire, Woods & Battle;*

*Wood, Wood & Wood; Michael & Dent; Tremblay & Smith,* on brief), for appellants.

*Harry Frazier, III (John B. Ashton; Hunton, Williams, Gay & Gibson,* on brief), for appellee.

*Andrew P. Miller, Attorney General; Sally T. Warthen, Assistant Attorney General,* on brief, for the Commonwealth of Virginia, *amicus curiae.*

*Howard W. Dobbins; William A. Young, Jr.; Wallerstein, Goode & Dobbins,* on brief, for Virginia Municipal League, *amicus curiae.*

*C. F. Hicks; Martin, Hicks & Morris,* on brief, for Virginia Association of Counties, *amicus curiae.*

*H. H. Tiffany,* on brief, for 259 Albemarle County Landowners, *amicus curiae.*

*Donald C. Stevens; Hazel, Beckhorn & Hanes,* on brief, for Virginia Association of Assessing Officers, *amicus curiae.*

POFF, J., delivered the opinion of the court.

Upon the order entered upon our opinion on August 30, 1973, the County of Albemarle filed its petition for rehearing. The Commonwealth, the Virginia Association of Counties, the Virginia Municipal League, the Virginia Association of Assessing Officers and 259 Albemarle County Landowners (acting as a class) filed motions for leave to file petitions for rehearing as *amici curiae.* We granted the petition and the several motions, and briefs were filed by the parties and friends of the court.

Although all petitioners do not join in all prayers of all petitions, collectively petitioners pray:

First, that our holding that "the piecemeal, segmental assessment methodology defendant has employed in implementing the [annual assessment and equalization] system violates the mandate of Virginia Constitution (1902) § 168" be reversed; or, in the alternative,

Second, that the language of our opinion be clarified to make application of that holding prospective only;

Third, that we prescribe standards to guide counties and cities in the methodology of implementing the new system; and

Fourth, that the language of our opinion concerning refund and abatement of taxes be deleted.

■ We adhere to our holding that the implementation methodology employed by Albemarle County was unconstitutional.

■ Albemarle County and only Albemarle County was party defendant to plaintiffs' bill. Plaintiffs' prayer and only plaintiffs' prayer was granted by our holding. As to cities and counties not parties defendant, our holding has application prospectively only; hereafter, no city or county may employ the implementation methodology we have declared unconstitutional.

■ Code § 58-769.2 (Repl. Vol. 1969) provides for "annual assessment and equalization of real estate for local taxation" and to that end requires that "[a]ll real estate shall thereafter be assessed as of January first of each year and taxes for each year on such real estate shall be extended by the commissioner of the revenue on the basis of the last assessment made prior to such year." As we noted in our opinion, the statute does not require that, for purposes of making *appraisals* upon which annual *assessments* are made, all parcels within the city or county be visually inspected once each year. As the General Assembly was aware, physically and fiscally such a requirement would impose an unreasonable, if not impossible, burden upon both the taxing authority and the taxpayer.

Nor is the uniformity mandate of the Constitution, as we have construed it, so broad as to require such annual visual inspection. We recognized in our opinion that "absolute and constant uniformity may be an unattainable ideal". The constitutional mandate requires that, in the ascertainment of fair market values and the imposition of assessments upon those values, the taxing authority must implement and administer the annual assessment and equalization system in a manner which avoids all disuniformity reasonably avoidable.

Certain tools of the appraisal-assessment trade, such as "continuous maintenance" and "hotspotting", are designed to facilitate the process of achieving uniformity and, when properly applied, can make it more effectual. These and other such tools enable the taxing authority to conduct an annual review of all tax parcels within its jurisdiction and make selective *reappraisals* where value changes are disproportionate; upon the tax parcels reappraised, new *assessments* can be made

while assessments on tax parcels requiring no reappraisal can be carried forward, or in the language of the statute, "extended by the commissioner of the revenue on the basis of the last assessment made". So long as the application of such tools promotes the uniformity the Constitution commands, their use is not forbidden by the Constitution or the statute. As our proscription of the methodology employed by Albemarle County makes plain, such tools cannot be applied *arbitrarily* to all tax parcels within one geographic segment of the tax jurisdiction to the exclusion of all tax parcels in other geographic segments. In order to achieve uniformity in the tax jurisdiction at large, such tools must be applied in the jurisdiction at large *wherever* value changes are disproportionate. Had Albemarle County applied such tools in such manner, with such effect, its implementation methodology would not have been constitutionally defective.

In the last paragraph of our opinion, we declared that certain taxes levied upon certain Albemarle County taxpayers, including the plaintiff and intervenors, were unlawful. We then employed language which has given rise to some confusion; we said that such taxes "must be" refunded or abated. This language has been interpreted to command Albemarle County to refund or abate taxes *upon its own initiative*. We intended no such construction. This is a declaratory judgment proceeding. The statutes make available to aggrieved taxpayers separate proceedings for refund and abatement of taxes unlawfully imposed. Having made a judgment declaring certain taxes unlawful, we leave taxpayers upon whom Albemarle County levied such unlawful taxes, including the plaintiffs and intervenors, to pursue their remedies as the statutes provide.

As modified, our opinion is affirmed, the declaratory judgment of the trial court is reversed, and final declaratory judgment is entered here.

*Opinion modified and affirmed,*
*judgment reversed and final judgment.*