## CIRCUIT COURT OF THE CITY OF RICHMOND

William Blaylock et al.

v.

City of Richmond

September 24, 1992

Case No. LR-3978–3

BY JUDGE RANDALL G. JOHNSON

This is a declaratory judgment action brought by 23 former police officers of the City of Richmond. The action challenges the City's interpretation of § 23–38(f) of the Richmond City Code (1975), which provides:

> Any of the foregoing provisions of this section to the contrary notwithstanding, the disability retirement allowance payable to any retired employee who was a member of the system on June 30, 1966, and who qualified or could have qualified for disability retirement under the provisions of subsection (b) of section 23–37 of this Code, shall in no event be less than the service-connected disability retirement allowance that would have been payable had the provisions of the system as in effect at June 30, 1966, been in effect at the member's actual date of disability retirement.

Each of the plaintiffs was employed as a City police officer and was a member of the City's retirement system on June 30, 1966. Each of them retired under disability after that date and was granted a disability retirement allowance under § 23–38 of the 1975 Code, or § 21-106 of the 1985 Code.[1] As in effect on June 30, 1966, the date

---

[1] Section 21–106 of the 1985 Code contains only minor variations from the portion of the Code cited above. Those minor variations do not affect the substantive meaning of the section.

set out in §§ 23–38 and 21–106, § 31–50 of the Code (1963) provided, in part, that a qualified retiree was to receive:

> an annual retirement allowance payable monthly . . . which shall consist of two-thirds of his average final compensation.

The same section also provided, however, that:

> The compensation finally awarded to such member under the Virginia [Workers'] Compensation Act shall be deducted from such allowance.

After a hearing on the merits, this court held that had the provisions of the system as in effect at June 30, 1966, i.e., that workers' compensation payments "shall be deducted from [disability] allowance[s]" been in effect at the time of each plaintiff's retirement, each plaintiff's retirement allowance would have been reduced by any workers' compensation payment actually received. Accordingly, the court held that the City appropriately deducted from plaintiffs' retirement allowances payments which they actually received under the Workers' Compensation Act. The court further ruled that plaintiffs had failed to show that the City had deducted any amounts for social security disability payments received by any plaintiff. The Supreme Court reversed.

In *Blaylock v. City of Richmond*, 243 Va. 391, 416 S.E.2d 431 (1992), the Supreme Court first noted that the parties agreed that as of June 30, 1966, police officers who were members of the retirement system were not covered by Virginia's Workers' Compensation Act. 243 Va. at 392–93. Therefore, at that time, no deduction was made from the retirement allowance payable to a qualifying police officer for workers' compensation. *Id.* The Court then held:

> Clearly, the "grandfather clause" [City Code § 23–38(f)] states that the disability retirement allowance payable to any retired employee who could have qualified for disability retirement on June 30, 1966, shall not be less than the allowance "that would have been payable had the provisions of the system as in effect at June 30, 1966, been in effect at the members' actual date of disability retirement." As of June 30, 1966, a disabled police officer was entitled to two-thirds of his final average salary, and because he was not covered by workers' compensation at that time, his disability retirement allowance was not subject to any deductions.

The "grandfather clause" guarantees a police officer who retires on disability after June 30, 1966, the same allowance that he would have received "had the provisions of the system *as in effect at June 30, 1966,* been in effect at the member's *actual date* of disability retirement."

We hold, therefore, that the retirees are entitled to receive two-thirds of their average final compensation without any deductions for workers' compensation or social security disability payments. To hold otherwise would read the "grandfather clause" out of the City's present retirement law and make the clause meaningless.

Accordingly, we will reverse the trial court's judgment and remand the case with directions that the retirees' disability allowances be computed free of any such deductions.

243 Va. at 394–95 (emphasis in original).

Now at issue is whether the Supreme Court's mandate that plaintiff's "disability allowances be computed free of any such deductions" should be given prospective effect only, or whether plaintiffs are entitled to recover deductions which, under the Supreme Court's decision, were improperly made by the City in the past. For the reasons which follow, the Supreme Court's decision will be applied retroactively, limited, however, to the period beginning five years before the filing of this action.

### 1. *Retroactivity*

Virginia Code § 8.01–186 provides:

Further relief based on a declaratory judgment order or decree may be granted whenever necessary or proper. The application shall be by motion to a court having jurisdiction to grant the relief. If the application is deemed sufficient, the court shall, on reasonable notice, require an adverse party whose rights have been adjudicated by the declaration of right to show cause why further relief should not be granted forthwith.

In the case at bar, plaintiffs ask that in addition to declaring their rights under the City Code's disability retirement provisions, which has now been done, that the court also award damages to compensate them for payments they have lost as a result of the City's erroneous interpretation of those provisions. The court agrees with plaintiffs that § 8.01–186 specifically allows such relief.

First, the phrase "further relief" in § 8.01–186 is not limited with regard to the type of relief allowed, so long as such "further relief" is necessary or proper. Damages are a form of relief.

Second, I conclude that it is no more proper to "read the 'grandfather clause' out of the City's present retirement law" (243 Va. at 395) for payments already made than for payments yet to be received.

Third, the City's argument to the contrary notwithstanding, plaintiffs' motion for judgment *does* ask for "further consequential or incidental relief as may be necessary and proper." Thus, the City has known from the time suit was filed, or should have known, that plaintiffs were seeking more than just declaratory relief.

Fourth, the cases relied on by the City to argue against retroactive application of the Supreme Court's rulings are inapposite. This case does not involve the resolution of constitutional issues. *Harper v. Virginia Department of Taxation*, 241 Va. 232, 401 S.E.2d 868 (1991) (*"Harper I"*); *Harper v. Virginia Department of Taxation*, 242 Va. 322, 410 S.E.2d 629 (1991) (*"Harper II"*) (applying the test set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1991), in determining whether ruling is to be given retroactive effect). Nor has any long-standing legal doctrine or case law been overruled. *Fountain v. Fountain*, 214 Va. 347, 200 S.E.2d 513 (1973) (abrogation of interspousal immunity doctrine given prospective effect only). Also not involved is a request for relief which can only be provided under specific statutorily-created proceedings. *Perkins v. Albemarle*, 214 Va. 416, 200 S.E.2d 566 (1973) (tax refunds inappropriate in declaratory judgment action in light of specific statutory scheme for seeking such refunds). In essence, this case is simply a dispute between 23 employees and their employer over the proper interpretation of a program of employee benefits. Since the employer promised to make certain payments to those employees in accordance with specific provisions of the City Code, and since the Supreme Court has ruled that proper payments were not made, § 8.01–186 demands that plaintiffs be awarded the further relief necessary and proper to give the employees the benefit of the City's promise.

Fifth, the court rejects the City's argument that since police officers *were* covered under the Workers' Compensation Act as of June 30, 1966, in spite of its stipulation to the contrary (*see* pp. 2–3 *supra* and 243 Va. at 292–93), it would now be unfair to make payments to the plaintiffs as if they were not. In fact, the City sought rehearing in

the Supreme Court on the ground that its stipulation regarding workers' compensation coverage of police officers in 1966 was mistakenly made. Rehearing was denied. Whatever might be this court's feelings on that issue, it has already been conclusively resolved against the City by the Supreme Court. I cannot change it. Moreover, it is no more unfair to rely on the City's stipulation, erroneous or not, to order that past payments be corrected by way of monetary damages than to order that corrected payments be made prospectively.

And finally, the fact that retroactive payments will have an adverse effect on the City's finances — $2 million by the City's estimate — does not warrant denying retroactive relief. The City often defends civil actions in this court and in federal court in which substantial damages are requested and, in fact, awarded. The City may not plead poverty to escape liability in such cases.

Accordingly, the Supreme Court's mandate to compute plaintiffs' disability allowances free of any deductions for workers' compensation and social security disability payments will be given retroactive effect.

### 2. *Statute of Limitations*

The only remaining issue is the time period for which retroactive payments should be made. Plaintiffs argue that payments should be corrected all the way back to when each plaintiff became eligible for disability retirement payments since the City failed to raise a statute of limitations plea to such payments until after the Supreme Court's opinion. As already noted, however, it was not until after that opinion that plaintiffs specifically requested retroactive payments. Until then, only the general phrase "further relief" was used. While I am holding that the inclusion of that phrase in the motion for judgment is sufficient to invoke the provisions of § 8.01–186 which allows further relief, it would be patently unfair to prohibit the City from raising the statute of limitations issue once it became clear that plaintiffs were, in fact, seeking retroactive relief. As § 8.01–186 provides, a request for further relief need not be made in the motion for judgment but shall be made "by motion," and the court may require the party "whose rights *have been* adjudicated" to show cause why further relief should not be granted. (Emphasis added.) The instant plaintiffs have made a request for further relief after the parties' rights have been adjudicated. The City is now being asked to "show cause why further relief should not be granted." Part of the City's showing is a statute of limitations plea. It will be allowed.

The City asserts that "the most appropriate period is the limitations period for actions on written contracts set forth in Va. Code § 8.01–246(2)," although it also argues that "[a]s this provision is not directly applicable to the claims in this case, the one-year period of Va. Code § 8.01–248 may apply." Supplement to Defendant's Statement of Compliance with Supreme Court Order, at 1. I believe the five-year statute is appropriate.

At issue in this case is a portion of the Code of the City of Richmond. That portion prescribes what the City is obligated to do in return for an employee's service and retirement on disability. It is a written document which meets all the criteria for a contract, and it is signed by authorized City officials. Section 8.01–246(2) controls.

### Conclusion

For the reasons stated above, each plaintiff is entitled to receive future disability retirement benefits without deductions for workers' compensation or social security disability payments and also a payment of an amount equal to what he would have received from the City had the correct formula been applied, less what he actually received from the City, for the period beginning on the date of his disability retirement or five years prior to the filing of this action, whichever is more recent, and continuing to the present. Because I find no bad faith on the part of the City and because plaintiffs will now receive full relief — indeed, in some cases, more than full relief — prejudgment interest will not be awarded.[2]

---

[2] Some plaintiffs, who will now receive a full two-thirds of their average final compensation, *plus* workers' compensation, *plus* social security disability, will actually have incomes *higher* than they would have had had they not retired.