## Richmond

EUNICE S. FOUNTAIN v. SPENCER FOUNTAIN.

November 26, 1973.

Record No. 8238.

Present, Snead, C.J., I'Anson, Harrison, Cochran, Harman and Poff, JJ.

*James A. Eichner* (*Allen, Allen, Allen & Allen,* on brief), for plaintiff in error.

*Jack Browder* (*Rufus G. Coldwell, Jr.; Browder, Russell, Little & Morris,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

The sole question presented on this appeal is whether our decision in *Surratt, Adm'r* v. *Thompson,* 212 Va. 191, 183 S.E.2d 200, rendered on September 1, 1971, abolishing the inter-spousal immunity doctrine in actions for personal injuries resulting from motor vehicle accidents, should be given retrospective or prospective effect.

Plaintiff, Eunice S. Fountain, sought damages against Spencer Fountain, her husband, and others, for personal injuries sustained on August 11, 1970, when an automobile driven by her husband, in which she was a passenger, collided with a car operated by another.

The trial court held that the *Surratt* decision would be accorded prospective effect only from the time it was rendered, and entered summary judgment for the defendant, Spencer Fountain. We granted plaintiff a writ of error to the judgment.

Plaintiff contends that the rule of *Surratt, supra,* should be given retrospective effect to August 11, 1970, the date of her accident.

The traditional rule is that a decision abolishing an old common law rule is normally given retroactive effect. *Saffell* v. *Orr,* 109 Va. 768, 774, 64 S.E. 1057, 1059 (1909); Annot., "Prospective or Retroactive Operation of Overruling Decision," 10 A.L.R.3d 1371, 1377-78, 1382-83 (1966); Currier, *Time and Change in Judge-Made Law: Prospective Overruling,* 51 Va.L.Rev. 201, 205-06 (1965). But the modern rule followed by most courts is to "treat the question of how an overruling decision should operate as one of judicial policy rather than of judicial power, and recognize that varying results may be reached, depending upon the particular circumstances presented and the particular rule affected." 10 A.L.R.3d at 1378, 1383-84; 51 Va.L.Rev. at 206, *et seq.*

We have held in cases involving the criminal area that certain new constitutional rights are accorded only prospective effect. In doing so we followed the criteria pronounced in *Linkletter* v. *Walker,* 381 U.S. 618, 636 (1965), and *Stovall* v. *Denno,* 388 U.S. 293, 297 (1967), namely: that consideration should be given to the purpose of the new rule, the extent of the reliance on the old rule, and the effect on the administration of justice of a retroactive application of the new rule. *Bridgers* v. *Commonwealth,* 211 Va. 370, 371, 177 S.E.2d 526, 527 (1970). *See also Cradle* v. *Peyton,* 208 Va. 243, 247, 156 S.E.2d 874, 877 (1967), *cert. denied* 392 U.S. 945 (1968).

The Supreme Court of the United States has " 'recognized the doctrine of nonretroactivity outside the criminal area many times in both constitutional and nonconstitutional cases.' " *Lemon* v. *Kurtzman,* 411 U.S. 192, 197 (1973). There Mr. Chief Justice Burger said:

> "[S]tatutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct. This fact of legal life underpins our modern decisions recognizing a doctrine of nonretroactivity." 411 U.S. at 199.

The precise question presented in the case at bar has not been before us. But a majority of courts of other jurisdictions that have abolished

intra-family immunity have held that their decisions shall have prospective effect only from the date they were rendered because of justifiable reliance on the doctrine by defendants or their insurers. *Darrow* v. *Hanover Township*, 58 N.J. 410, 278 A.2d 200 (1971) (intraspousal immunity); *Beaudette* v. *Frana*, 285 Minn. 366, 173 N.W.2d 416 (1969) (inter-spousal immunity); *Vickers* v. *Vickers*, 109 N.H. 69, 242 A.2d 57 (1968) (child-parent immunity); *Silesky* v. *Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968) (child-parent immunity); *Gollar* v. *White*, 20 Wis.2d 402, 122 N.W.2d 193 (1963) (parentchild immunity). *But see Gelbman* v. *Gelbman*, 23 N.Y.2d 434, 439, 245 N.E.2d 192, 194, 297 N.Y.S.2d 529, 532 (1969), which held that the new rule abolishing intra-family tort immunity for non-willful torts should be applied retrospectively to matters which have not gone to final judgment. *Cf. Rigdon* v. *Rigdon*, 465 S.W.2d 921, 923 (Ky.Ct.App. 1971), in which the child-parent immunity rule was abolished and the court held on a rehearing that the new rule would apply from the date of the accident in that case.

The Supreme Court of New Jersey, before deciding in *Darrow, supra,* whether *Immer* v. *Risko*,[2] 56 N.J. 482, 495, 267 A.2d 481, 488 (1970), which abrogated the doctrine of inter-spousal immunity in automobile negligence cases, should have retrospective or prospective effect, invited members of the bar and other interested parties to submit briefs and appear as *amici curiae* because of the importance of the question.

In holding that *Immer* should have prospective effect only from the date of the decision, the court reasoned in *Darrow* that there had been justifiable reliance on earlier decisions upholding inter-spousal immunity. Thus it was entirely conceivable that persons would rely on the existing state of the law in determining what financial protection they needed; and that insurance companies providing protection for their insureds also justifiably relied on the existing law in evaluating the risk entailed, the premiums to be charged, and in deciding whether to investigate an accident involving their insureds while the witnesses were available and the facts were fresh on their minds. The court further reasoned that aside from protecting those who justifiably relied on inter-spousal immunity, prospective application of *Immer* would foster stability in the law, "since it would avoid the necessity of opening claims which have gone stale because of a failure to prop-

---

2. Cited and followed by us in *Surratt*, and *Smith* v. *Kauffman*, 212 Va. 181, 183 S.E.2d 190 (1971) (child-parent immunity.)

erly investigate. Prospectivity permits the courts to introduce important changes in the law with minimal disruption; it will not affect past conduct or relationships." 58 N.J. at 419, 278 A.2d at 205.

We agree with the reasoning of the New Jersey court and the majority of the other courts that the rule abrogating inter-spousal immunity shall be given prospective effect only from the date of the decision announcing the new rule. Hence we disagree with the contention that the rule in *Surratt* should be given retrospective effect to the date of plaintiff's accident, which occurred nearly a year before our holding in *Surratt*.

For the reasons stated, the judgment of the court below is

*Affirmed.*