# CITY OF RICHMOND

v.

# WILLIAM R. BLAYLOCK, ET AL.

Record No. 921860

February 25, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Harrison, Retired Justice

*William G. Broaddus (G. Timothy Oksman, City Attorney; Michael L. Sarahan, Assistant City Attorney; Cynthia E. Hudson; McGuire, Woods, Battle & Boothe, on briefs), for appellant.*
*Jack M. Fulton, for appellees.*

JUSTICE LACY delivered the opinion of the Court.

In *Blaylock v. City of Richmond,* 243 Va. 391, 416 S.E.2d 431 (1992) *(Blaylock I),* this Court considered the claim of 23 former Richmond City police officers that the City had miscalculated the retirement benefits to which they were entitled under a City ordinance. Based on the record in that case, we reversed the trial court and agreed with the officers, holding that the retired police officers were entitled to "receive two-thirds of their average final compensation without any deductions for workers' compensation or social security disability payments." Id. at 395, 416 S.E.2d at 432-33.

On remand, the City argued that the decision in *Blaylock I* should be applied prospectively only. The police officers argued that the decision should be applied retroactively to the date at which each officer became eligible for disability retirement payments. After considering the briefs and arguments of counsel, the trial court determined that the decision should be applied retroactively for a period beginning five years preceding the filing of the action.*

The City appealed the trial court's determination that the decision should be applied retroactively and the police officers assigned error to the trial court's refusal to award prejudgment interest. We awarded an appeal on both issues.

The City contends that the equitable principles which we have used in such cases as *Fountain v. Fountain,* 214 Va. 347, 200 S.E.2d 513 (1973), *cert. denied,* 416 U.S. 939 (1974), and *Harper v. Virginia*

---

* The trial court applied a five-year period based on the applicable statute of limitations in actions upon a written contract.

*Department of Taxation,* 241 Va. 232, 401 S.E.2d 868, *vacated and remanded,* ___ U.S. ___, 111 S.Ct. 2883, *aff'd,* 242 Va. 322, 410 S.E.2d 629 (1991), *rev'd,* ___ U.S. ___, 113 S.Ct. 2510 (1993), to determine whether a decision should be applied retroactively or prospectively, should be applied here. These principles allow application of a decision prospectively only if (1) the decision sought to be applied retroactively established a new principle of law either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed, (2) the retroactive application of the new rule would further retard its operation, and (3) substantial inequity would result if the new law were applied retrospectively. *Harper,* 241 Va. at 237-40, 401 S.E.2d at 871-73. The City maintains that these principles are applicable to this case because the decision in *Blaylock I* was a change in a law upon which the City had relied in determining disability payments. This change requires a recalculation of police officers' disability retirement payments which, the City contends, if applied retroactively, would require additional payments of approximately $1.3 million. This, the City argues, constitutes a substantial inequity and, consequently, the decision should be applied prospectively only.

Initially, we note that considerations of retroactivity are normally made in cases where litigants seek the benefit of a change in the law secured by other parties in a prior case. *See, e.g., Harper,* 241 Va. 232, 401 S.E.2d 868; *Fountain,* 214 Va. 347, 200 S.E.2d 513. In this case the prevailing litigants are seeking implementation of the decision made in litigation they initiated. Whether the same result would occur in the event retired police officers other than the parties to this litigation filed an action seeking to apply the decision in *Blaylock I* to their retirement payments would depend on the facts and circumstances of that case. Here, the prevailing parties are seeking a remedy based on the law of the case, not retrospective application of the decision reached in another case.

Assuming the equitable principles used for determining retroactivity are applicable in this case, applying them does not support the result sought by the City. The City erroneously characterizes the law of the case as a change in the law. The status of the police officers vis-a-vis workers' compensation coverage in 1966 was pivotal to the decision in *Blaylock I.* Counsel for the City stipulated that City police officers were not covered by the workers' compensation statutes until 1975. That stipulation was in error; nevertheless, it became part of the factual basis upon which this Court was required to render its decision. *Blaylock I* did not effect a change in the law or

establish a new principle of law which overturned past precedent or presented an issue of first impression. In *Blaylock I,* this Court merely resolved a dispute over the application of a City ordinance, holding that the police officers were entitled to the relief they sought in that case. Under these circumstances, there is no basis to limit the relief sought by the police officers to prospective application only, and we will affirm the judgment of the trial court.

■ Finally, the award of prejudgment interest is a matter left to the discretion of the trial judge. Code § 8.01-382. Even assuming that the City is liable for prejudgment interest, we find no basis to hold that the trial judge abused his discretion in denying prejudgment interest.

*Affirmed.*