COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


PIEDMONT MANUFACTURING COMPANY, ET AL.

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1546-96-3        JUDGE NELSON T. OVERTON
                                             FEBRUARY 25, 1997
LOIS P. EAST


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy, III (Mark M. Caldwell, III;
            Sands, Anderson, Marks & Miller, on briefs),
            for appellants.

            P. Scott De Bruin (Joseph R. Johnson, Jr. &
            Associates, on brief), for appellee.



     This appeal stems from a 1992 award of benefits by the
Workers' Compensation Commission to Lois P. East for DeQuervain's
tenosynovitis, affirmed by this Court in Piedmont Mfg. Co. v.
East, 17 Va. App. 499, 438 S.E.2d 769 (1993).  After the Supreme
Court's decision in The Stenrich Group v. Jemmott, 251 Va. 186,
467 S.E.2d 795 (1996), Piedmont moved the commission to vacate
the award, arguing that the commission had no subject matter
jurisdiction over the claim.  The commission refused, and
Piedmont appeals.  For the reasons that follow, we affirm.

     In the case at bar we are constrained to observe the
doctrine of res judicata, in which "a point once adjudicated by a
court of competent jurisdiction may be relied upon as conclusive

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

upon the same matter as between the parties or their privies, in any subsequent suit, in the same court or any other court, at law or in chancery." Patterson v. Saunders, 194 Va. 607, 611, 74 S.E.2d 204, 207 (1953). "A plea of res judicata will be sustained if the prior adjudication was between the same parties or their privies and a valid final judgment was entered which resolved the claim on its merits." Waterfront Marine Constr., Inc. v. North End 49ers, 251 Va. 417, 430, 468 S.E.2d 894, 902 (1996); see Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

Piedmont argues that res judicata does not apply because the commission never had subject matter jurisdiction and that the award was therefore void ab initio. This argument is disingenuous. When East brought her claim, the commission found that it had jurisdiction to award benefits. This Court, which Piedmont does not contend lacks competent jurisdiction, then affirmed the finding of the commission. Because Piedmont chose not to appeal further, our decision became a point "adjudicated by a court of competent jurisdiction [to be] relied upon as conclusive upon the same matter as between the parties." The case before us today is the same matter between the same parties, and our past ruling continues to bind the parties.[1]

_____

[1] We note that, were we to revisit East's claim, we would not retroactively apply Jemmott to vacate her award. As Jemmott overruled the past consistent decisions of both the commission

2

Accordingly, we affirm the decision of the commission.

                                    Affirmed.

_____

and this Court, and as a retrospective application would result in substantial inequity to claimants whose claims in tort are now barred by the statute of limitations, Jemmott should be applied only prospectively.  See City of Richmond v. Blaylock, 247 Va. 250, 252, 440 S.E.2d 598, 599 (1994); Harper v. Virginia Dep't of Taxation, 241 Va. 232, 237-40, 401 S.E.2d 868, 871-73 (1991).

3