COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


FIELDCREST CANNON, INC.
                                        MEMORANDUM OPINION[*]
v.   Record No. 2567-96-2                    PER CURIAM
                                          APRIL 1, 1997
WANDA B. MARSHALL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Gregory T. Casker; Daniel, Vaughan, Medley &
               Smitherman, on brief), for appellant.

               (Geoffrey R. McDonald; Laura L. Geller;
               McDonald & Snesil, on brief), for appellee.


     This appeal stems from a February 28, 1995 award entered by

the Workers' Compensation Commission (commission) to Wanda B.

Marshall (claimant) approving a Memorandum of Agreement executed

by claimant and Fieldcrest Cannon, Inc. (employer) which provided

benefits for claimant's right carpal tunnel syndrome.  After the

Supreme Court's decision in The Stenrich Group v. Jemmott, 251

Va. 186, 467 S.E.2d 795 (1996), employer moved the commission to

vacate the award, arguing that the commission had no subject

matter jurisdiction over the claim.  The commission refused, and

employer appeals.  Upon reviewing the record and the briefs of

the parties, we find that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     In the case at bar we are constrained to observe the

--------------------------------------------------------------
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

doctrine of res judicata, in which "a point once adjudicated by a court of competent jurisdiction may be relied upon as conclusive upon the same matter as between the parties or their privies, in any subsequent suit, in the same court or any other court, at law or in chancery." Patterson v. Saunders, 194 Va. 607, 611, 74 S.E.2d 204, 207 (1953). "A plea of res judicata will be sustained if the prior adjudication was between the same parties or their privies and a valid final judgment was entered which resolved the claim on its merits." Waterfront Marine Constr., Inc. v. North End 49ers, 251 Va. 417, 430, 468 S.E.2d 894, 902 (1996); see Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

Employer argues that res judicata does not apply because the commission never had subject matter jurisdiction and that the award was therefore void ab initio. This argument is disingenuous. When the parties submitted the executed memorandum of agreement, the commission found that it had jurisdiction to award benefits. Employer had every opportunity to contest the claim, but it chose to agree to its compensability and the commission entered an award. Employer did not appeal the commission's award, therefore the award became a point "adjudicated by a court of competent jurisdiction [to be] relied upon as conclusive upon the same matter as between the parties." The case before us today is the same matter between the same parties, and the commission's past award continues to bind the

2

parties.[1]

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>

_____

[1] We note that, were we to revisit the issue of claimant's entitlement to benefits, we would not retroactively apply <u>Jemmott</u> to vacate her award. As <u>Jemmott</u> overruled the past consistent decisions of both the commission and this Court, and as a retrospective application would result in substantial inequity to claimants whose claims in tort are now barred by the statute of limitations, <u>Jemmott</u> should be applied only prospectively. <u>See City of Richmond v. Blaylock</u>, 247 Va. 250, 252, 440 S.E.2d 598, 599 (1994); <u>Harper v. Virginia Dep't of </u>Taxation, 241 Va. 232, 237-40, 401 S.E.2d 868, 871-73 (1991).

3