Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and Kinser, JJ., and Whiting, Senior Justice

COUNTY OF FAIRFAX, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 961854        October 31, 1997

CENTURY CONCRETE SERVICES, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Jr., Judge

In this appeal, we consider whether Code § 15.1-549 prohibits a county from paying interest on a judgment.

Fairfax County executed a contract with Century Concrete Services, Inc.  Pursuant to the terms of the contract, Century agreed to perform certain construction work on a landfill basin.  A dispute arose between Century and the County.  Century filed a motion for judgment against the County and was awarded a judgment in the amount of $60,340.00 plus prejudgment and judgment interest.  The County appeals that portion of the judgment which awarded interest.

The County argues that the trial court erred by entering an order which requires the County to pay interest.  The County asserts that Code § 15.1-549 prohibits the County from paying interest on a judgment.  Century responds that Code § 15.1-549 does not bar the award of interest.  We agree with the County.

Code § 15.1-547 authorizes a county's board of supervisors to issue and approve warrants to pay all valid claims that may be asserted against a county.  Code § 15.1-549, which imposes certain limitations upon the issuance of

warrants, states in relevant part:

> "No board of supervisors shall order any warrant issued for any purpose other than the payment of a claim received, audited and approved as required by § 15.1-547.
>
> . . . .
>
> No interest shall be paid on any county warrant.
>
> Any clerk, deputy clerk or member of any board of supervisors who shall violate or become a party to the violation of any of the provisions of this section shall be guilty of a misdemeanor, and in addition thereto shall be guilty of malfeasance in office."

In Lynchburg v. Amherst County, 115 Va. 600, 80 S.E. 117 (1913), we considered whether a city was entitled to a jury instruction which would have permitted a jury to make an award of prejudgment interest against a county. We stated:

> "As a rule, the common law did not imply a promise to pay interest, and interest could not be recovered, save where it was expressly contracted for. . . . While the courts in this State, aided by the legislature, have established a different doctrine as between natural persons and private corporations, viz., that it is but natural justice that he who has the use of another's money should pay interest on it . . . yet, so far as we know, it has never been held by this court that a claim asserted against the State or a county bears interest where there is no provision in the statute or authorized agreement creating the liability for the payment of interest. Not only is there no statute or precedent for the payment of interest on claims like those asserted in this case, but clause 2, section 834 of Pollard's Code [the precursor to Code § 15.1-549], which provides for the examination, settlement and allowance of all accounts chargeable against the county and for the issuance of warrants therefor when settled and allowed, expressly declares that no interest shall be paid by any county on any county warrant. If the board of supervisors had allowed the claims of the city, or any of them, and issued a warrant therefor, and the county afterwards refused to pay the claim and litigated its liability, as it had the right to do . . . and judgment had been

rendered against it for the amount of the warrant so issued, by the plain terms of the statute, it would not have been chargeable with interest. This being so, it is difficult to see upon what ground the county would be liable for interest on the same claims when disallowed by the board of supervisors."

Id. at 608-09, 80 S.E. at 120.

The rationale that we invoked in Lynchburg v. Amherst County is equally pertinent here. The County pays its construction claims by ordering the issuance of warrants, payable on demand, which may be converted to negotiable checks. See Code § 15.1-547. That portion of the trial court's judgment awarding interest against the County is erroneous because Code § 15.1-549, which is similar to the statute that we considered in Lynchburg v. Amherst County, specifically states that "[n]o interest shall be paid on any county warrant." And, consistent with our reasoning in Lynchburg v. Amherst County, in the absence of a specific statutory authorization, we will not permit a judgment creditor to obtain an award of interest against a county because to do so would enable that judgment creditor to circumvent the express prohibition against an award of interest contained in Code § 15.1-549.

Moreover, Code § 15.1-549, which prohibits payment of interest in these circumstances, provides that any clerk, deputy clerk, or member of any board of supervisors who violates the statute is guilty of a misdemeanor and guilty of malfeasance in office. Certainly, the language in this statute is a strong command from the General Assembly that

the County cannot pay either prejudgment or post-judgment interest on any claim against it.

It is true, as Century asserts, that Code § 8.01-382 permits a litigant to recover interest against a party in certain instances.  That Code section states in relevant part:

> "In any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence.  The judgment or decree entered shall provide for such interest until such principal sum be paid.  If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry, at the rate as provided in § 6.1-330.54, and judgment or decree entered accordingly; provided, if the judgment entered in accordance with the verdict of a jury does not provide for interest, interest shall commence from the date that the verdict was rendered."

Contrary to Century's assertion, however, Code § 8.01-382 simply has no application here.  We must apply Code § 15.1-549 in this appeal because it is a statute of specific application which takes precedence over Code § 8.01-382, a statute of general application.  "'[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, . . . where they conflict, the latter prevails.'" Dodson v. Potomac Mack Sales & Service, 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991) (quoting Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)); City of Winchester v. American Woodmark, 250 Va. 451, 460, 464

S.E.2d 148, 153 (1995).[*]T

Finally, Century, relying upon <u>City of Richmond</u> v. <u>Blaylock</u>, 247 Va. 250, 440 S.E.2d 598 (1994), says that this Court held that "an award of prejudgment interest against the City of Richmond, although denied, was properly within the discretion of the court under Va. Code § 8.01-382." <u>Blaylock</u> is not pertinent to our resolution of this appeal. The litigants in <u>Blaylock</u> did not, and indeed, could not, assert that Code § 15.1-549 precludes an award of interest against the City of Richmond because Code § 15.1-549 is applicable to counties only. Furthermore, in <u>Blaylock</u>, the trial court refused to award prejudgment interest, and we did not decide whether a city could be required to pay such interest. <u>Blaylock</u>, 247 Va. at 253, 440 S.E.2d at 599.

We will reverse that portion of the trial court's judgment which awards interest against the County, modify the judgment accordingly, and enter final judgment in favor of Century.

<u>Reversed in part, modified and final judgment</u>

---

[*]In view of our holding, we need not address the litigants' remaining arguments.