# CIRCUIT COURT OF THE CITY OF WINCHESTER

Eppa C. Clegg

v.

Local 149 U.A.W. et al.

July 13, 1998

Case No. (Law) 96-304

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on July 10, 1998, on the Defendants' demurrers and pleas to the second amended motion for judgment. Mark J. Beutler, Esquire, appeared for the Plaintiffs; M. Bryan Slaughter, Esquire, appeared for the Defendants Ronald A. Brown, Yvonne Brown, Robert Crites, Robin Dale, John F. S. Hook, Mark Jordan, William Moreland, Richardson Nicholson, Mark Owens, John Szabo, Darrel Tillman, Brenda Yost, Robert McRobie, and Robert Ramsay; Stephen A. Yokich and Robert E. Paul, Esquires, appeared for the Defendants International U.A.W. and Rodeheaver and Braithwaite; and Marta Wagner, Esquire, appeared for Defendant Wood. There was no appearance for the Defendant Debbie Miller.

This is one of six companion cases in which seven plaintiffs have sued sixteen defendants in varying combinations for various acts which occurred in 1996 incident to a strike at the Abex plant in Winchester. All of the Plaintiffs allege rights of action based on violations of the Virginia Right to Work Act and civil conspiracy. The Defendants have filed some demurrers common to all the plaintiffs, but, from an analytical point, it is necessary to focus on the facts unique to each plaintiff.

## I. *Statement of Material Facts*

Along with myriad contextual facts, the following facts have been alleged.

In April and May 1996, there was a strike at the Abex plant in Winchester, Virginia. The plaintiff chose to work during the strike, and he claims that he was the victim of varying forms of harassment and injury whose purpose was to stop him and others like him from exercising their right to work at the Abex plant during the strike.

The individual defendants are employees or former employees of Abex and members of the defendant union.

In additional to the many contextual facts which he alleges, in his 19 page, 69 paragraph second amended motion for judgment, the Plaintiff alleges the following acts and actual damages specific to him:

a. MFJ ¶ 22: "in the evening of May 1, 1996, Defendants Miller, Powers, Rodeheaver, and Wood drove to the plaintiff's home, painted "SCAB" on the left side of his van and put nails under the tires of his pickup."

b. In MFJ ¶ 26 and 27, the plaintiff alleges that the individual defendants scalded him with hot wax and vandalized his personal property.

c. He further alleges that one of the individual defendants threw objects at him injuring him. MFJ ¶ 29 and 55.

d. He has sued for compensatory damages of $20,000.00 and for punitive damages.

The plaintiff has asserted rights of action based on Violation of the Virginia Right to Work Law (Count 1) and Common Law Conspiracy (Count 2).

## II. *Conclusions of Law*

### 1. *Workers' Compensation Act is Not a Bar to an Action under the Virginia Right to Work Law*

The individual defendants, who are fellow employees of all of the plaintiffs except for Susan Jones, have filed demurrers to all rights of action based upon alleged injuries inflicted by them in the work place based on the exclusive remedy provisions of the Virginia Workers' Compensation Act, Virginia Code § 65.2-307.

In Count 1 of his second amended motion for judgment, the Plaintiff claims that the Defendants violated the Virginia Right to Work Act, Virginia Code §§ 40.1-58 to 40.1-69. The purpose of the Virginia Right to Work Act is "to protect the inherent right to work from the 'clear and present danger' of destruction by those who, by the use of force, threats, violence, intimidation … would prevent the exercise of that right." *McWhorter v. Commonwealth*, 191 Va. 857, 865-866, 63 S.E.2d 20 (1951).

194

The plaintiffs claim they are entitled to recover based on the civil remedy provided by Virginia Code § 40.1-67, which provides that:

> Any ... person ... injured as a result of any violation or threatened violation of this article [Article 3 - Denial or Abridgement of Right to Work] ... shall be entitled ... to recover from such violator ... any and all damages or any character cognizable at common law resulting from such violation or threatened violations.

Virginia Code § 40.1-66 provides that:

> Any person ... or labor union engaged in ... conduct, a purpose of which is to cause, force, persuade or induce any other person ... to violate any provision of this article shall be guilty of illegal conduct contrary to public policy; provided that nothing herein contained shall be construed to prevent or make illegal the peaceful and orderly solicitation and persuasion by union members of others to join a union, unaccompanied by any intimidation, use of force, threat of use of force, reprisal or threat of reprisal, and provided that no such solicitation or persuasion shall be conducted so as to interfere with, or interrupt the work of any employee during working hours.

This section covers conduct which induces "any other person ... to violate any provision of this article." By its terms, the Act does not appear to embrace violence directed at a fellow employee but rather it covers conduct by which a third person is induced to violate the Act, so it is tantamount to a conspiracy statute. The general purpose of Virginia Code §§ 40.1-58 through 40.1-65 appears to be to prevent the implementation of any closed shop arrangement. Sections 40.1-59 through 40.1-65 describe the acts prohibited by Article Three, and generally they appear to be activities by which a union would cause or attempt to cause an employer to impose a closed shop arrangement. Nonetheless, if it is proven that the Defendants violated Virginia Code § 40.1-66, then the plaintiff may recover, *see Crawford v. United Steel Workers*, 230 Va. 217, 236, 335 S.E.2d 828 (1985), and the plaintiff has alleged property damage and lost wages, other damages cognizable at common law.

As an aside, it is noted that most of the acts alleged are conduct specifically directed at the plaintiff, who is a fellow employee, and which if proven would violate Virginia Code § 40.1-53, which provides:

No person shall singly or in concert with others interfere or attempt to interfere with another in the exercise of his right to work or to enter upon the performance of any lawful vocation by the use of force, threats of violence or intimidation ... to induce or attempt to induce him to quit his employment.

However, this criminal statute is in Article *Two* of Chapter 4, not Article *Three*, and this section *does not provide for a civil remedy. Crawford v. United Steel Workers*, 230 Va. 217, 235, 335 S.E.2d 828 (1985), *cert. denied* 475 U.S. 1095, 89 L. Ed. 2d 892. Frankly, this section appears to be the one which covers most of the acts which the plaintiffs claim injured them, and it does not afford a civil remedy. The General Assembly contemplated that the state would prosecute violations of § 40.1-53, not private individuals.

There is a conflict between the exclusive remedy provisions of § 65.2-307, which generally bars actions against fellow employees for injuries sustained in the work place, and the right to work remedy provided in § 40.1-67, which apparently permits an employee to sue a fellow employee for violations of the Virginia Right to Work Act even though those violations occurred in the work place. Both the Virginia Workers' Compensation Act and the Virginia Right to Work Act are remedial statutes intended for the benefit of workers, so it would be paradoxical if the Workers' Compensation Act barred the worker's civil remedy under the Right to Work Act.

In *Williams v. City of Newport News*, 240 Va. 425, 397 S.E.2d 813 (1990), the Supreme noted that the exclusive remedy provisions of the Workers' Compensation Act has exceptions:

On its face, this section [predecessor to current § 65.2-307] appears all-encompassing because it recognizes no exceptions in terms of remedies or parties. However, this section has not been applied as broadly as its language might imply. For example, the "exclusivity provision" does not extinguish an employee's common-law right to bring an action against a third party for injuries sustained in a work-related accident, if the tortfeasor was a stranger to the business. *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73, 75-76 (1946). Furthermore, this section has never been invoked to prevent an employee from obtaining payment for a work-related injury compensable under a personal insurance policy.

The "exclusivity provision" then, does not apply to *every* right and remedy available to the employee, even though no exceptions are specifically identified. It does apply, however, to prohibit the

employee from recovering damages for injuries sustained in the course of his employment in a tort action filed against his employer or fellow-employee. *Id.* at 99-101, 38 S.E.2d at 74-75.

This latter principle is the one upon which the Defendants base their demurrers in the pending case. The Defendants argue that the exclusive remedy provision of § 65.2-307 "trumps" the Right to Work action provided by Virginia Code § 40.1-67. However, § 65.2-307 does not contain any express preemption provision, and § 40.1-66 expressly contemplates that actionable activity may occur in the work place: "provided that no such solicitation or persuasion shall be conducted so as to interfere with, or interrupt the work of any employee during working hours." Moreover, the exclusivity provision of Virginia Code § 65.2-307 is a general statute dealing with all injuries sustained by employees in the work place whereas the civil remedies provision of the Virginia Right to Work Act, Virginia Code § 40.1-67, is a specific statute providing a remedy for damages sustained as a result of illegal actions taken to interfere with a person's right to work.

The conditions of employment and the relations between employees and employers are subject to a wide range of laws, for example: Virginia Human Rights Act, §§ 2.1-714 *et seq.*; Virginians with Disabilities Act, §§ 51.5 *et seq.*; Virginia Occupational Safety and Health Act, §§ 40.1-1 *et seq.*; Virginia Right to Work Act, §§ 40.1-58 *et seq*; and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17; and numerous other federal statutes. The Workers' Compensation Act is but one constellation in the universe of laws governing the employer-employee relationship. Occasionally, the provisions of these various statutes overlap and ostensibly conflict, and the Court must resolve that statutory conflict.

In *Commonwealth v. Blanks Oil Co.*, 255 Va. 242 (1998), the Supreme Court resolved a conflict in sales tax statutes by applying the following principle:

When one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner ... and ... they conflict, the latter prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979); *see also County of Fairfax v. Century Concrete Services, Inc.*, 254 Va. 423, 427, 492 S.E.2d 648, 650 (1997); *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).

*Id.*, at 247.

"The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Crews v. Commonwealth*, 3 Va. App. 531, 535-36, 352 S.E.2d 1, 3 (1987) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). In interpreting statutes, "courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989). To do so, "two statutes which are closely interrelated must be read and construed together and effect given to all of their provisions." *ACB Trucking, Inc. v. Griffin*, 5 Va. App. 542, 547-48, 365 S.E.2d 334 (1988) (citations omitted). Potentially conflicting statutes should be harmonized to give force and effect to each. *See Board of Supervisors v. Marshall*, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

Applying these rules of statutory construction to the two statutes, the tension between the exclusive remedy provisions of the Workers' Compensation Act and the civil remedy provisions of the Right to Work Act must be resolved in favor of the Right to Work Act. Otherwise, the rights and civil remedies provided by the Virginia Right to Work Act would be substantially limited, because one arena for great potential mischief and violations of the Right to Work Act is the work place as the allegations in these six cases graphically illustrate. Therefore, the civil remedies provision of the Right to Work Act, Virginia Code § 40.1-67, overrides the exclusivity provisions of the Virginia Workers' Compensation Act, Virginia Code § 65.2-307.

## 2. *Protections of the National Labor Relations Act and First Amendment*

The plaintiffs have stated that they are not asserting any defamation actions or any right of action based on the defendants exercise of their First Amendment free speech rights, but rather the statements of the defendants are evidence which goes to show that the defendants violated the plaintiff's right to work rights and that the union "authorized, ratified, and condoned the tortious acts of their members." Plaintiffs' responses to Defendants' Demurrer based on the Protections of the National Labor Relations Act and the Federal Constitution, page 5. Therefore, there is no basis for the Defendants' demurrer on this point.

### 3. *Demurrer Principles*

The Supreme Court recently reviewed the principles governing the trial court's ruling on a demurrer in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), in which it stated:

> "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).
>
> When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918). And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749-50 (1951).

### 4. *Right to Work Action*

Given all of the allegations in the amended motion for judgment and drawing all inferences in favor of the plaintiff, it would appear that a violation of the Right to Work Act has been stated with respect to the Defendant Unions and the individual defendants Ramsay, Miller, Rodeheaver, Wood. However, it remains to be determined as to whether the acts proven fall within the purview of Virginia Code § 40.1-66.

## 5. *Conspiracy*

To recover in an action for conspiracy to harm a person in the exercise of his trade or business, the plaintiff must prove (1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 318 S.E.2d 592 (1984); *Meadow Ltd. Partnership v. Heritage Sav. & Loan Ass'n*, 639 F. Supp. 643 (E.D. Va. 1986). Proof of civil conspiracy must be shown by clear and convincing evidence. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522 (4th Cir. 1997); *Pierce Oil Co. v. Voran*, 136 Va. 416, 430, 118 S.E. 247 (1923). A common law conspiracy consists of two or more persons combined to accomplish by some concerted action some criminal or unlawful purpose or some lawful purpose by unlawful or criminal means. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396, 337 S.E.2d 744 (1985). The foundation of a civil action of conspiracy is the damage caused by the acts committed in furtherance of the conspiracy. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993).

As noted earlier, Right to Work Act § 40.1-66 is tantamount to a conspiracy statute, so it is not surprising that there is a conspiracy count accompanying the Right to Work Count. Drawing "all reasonable inferences fairly and justly drawn from the facts alleged ... in aid of the pleadings," it would also appear that an action for civil conspiracy has been stated with respect to the defendant Unions and the individual defendants, Ramsay, Miller, Rodeheaver, and Wood.

## 6. *Jurisdictional Amount*

The Defendants have filed a special plea in bar claiming that since the amount in controversy is less than $1,000.00, which is $3,000.00 as of July 1, 1998, that the General District Court has exclusive jurisdiction over this claim pursuant to Virginia Code § 16.1-77(1). "As a general rule, it is the amount set forth in the damages clause of the complaint ... which determines whether the court has jurisdiction under provisions restricting jurisdiction on the basis of the amount in controversy." 20 Am. Jur. 2d, *Courts*, § 117. Therefore, the Plea will be overruled.

### III. *Decision*

For the forgoing reasons, it is adjudged and ordered that:

1. The Demurrers and Pleas of the Defendant Unions and of the individual defendants, Ramsay, Miller, Rodeheaver, and Wood are overruled. These defendants shall file their Grounds of Defense, if not previously filed, within fourteen days of receipt of a copy of this order. The court's previous ruling on the demurrers based on the bar of the Workers' Compensation Act is reversed.

2. The Demurrers of defendants Robert Dwayne Crites, Mark Edward Jordan, Robert W. McRobie, Scott Moreland, John Szabo, Mark Owens, and Darrel Lee Tillman are sustained, and the second amended motion for judgment is dismissed with prejudice with respect to these individual defendants.