## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

MCI Constructors

v.

Spotsylvania County

October 28, 2002

Case No. CL01-342

BY JUDGE WILLIAM H. LEDBETTER, JR.

The questions presented in these pretrial filings concern sovereign immunity of the County and the impact of that doctrine on certain claims being asserted by MCI in this action.

*Facts*

For purposes of these pretrial determinations, the facts are those set out in the motion for judgment.

MCI and Spotsylvania County entered into a contract dated August 12, 1997, for the construction of Motts Run Water Treatment Plant. The original contract price was $22 million. MCI was to construct a water treatment plant with the capacity to handle twelve million gallons of water per day drawn from Motts Run Reservoir.

Controversies plagued the project, resulting in this action initiated by MCI on August 20, 2001. In its motion for judgment, MCI alleges breach of contract and also seeks recovery on the basis of quantum meruit. Among the amounts claimed are interest and attorney's fees.

The County filed a counterclaim, alleging that MCI, not the County, had breached the contract and that the County is entitled to damages.

The County also filed a motion, a demurrer, and several special pleas.

The County's motion craving oyer is rendered moot by an agreement reached between the parties, so that MCI has provided the County all pertinent documents referred to in the motion for judgment.

Because the special pleas require the presentation of evidence, those matters are scheduled for hearing on February 26, 2003.

As for the demurrer, the Court heard arguments on October 17, 2002.

The first ground of the demurrer asserts that MCI did not comply with the mandatory requirements for claims against a county. This ground of the demurrer is akin to the County's "first plea in bar"; thus, it will be presented along with the other pleas on February 26, 2003.

Second, the demurrer states that MCI's claim based on quantum meruit must fail because the County is protected from such a claim by sovereign immunity.

Third, the demurrer contends that interest is not recoverable against a county and, therefore, MCI's prayer for interest on the judgment must fail.

Finally, the demurrer avers that attorney's fees are not recoverable. At the hearing on October 17, 2002, MCI conceded this point. Thus, by agreement, MCI's prayer for attorney's fees set forth in the motion for judgment will be stricken.

This opinion addresses the other two issues: MCI's claim based on quantum meruit and its claim of interest.

## Quantum Meruit

Quantum meruit is a claim for the reasonable value of services rendered in a quasi-contractual relationship. It is the successor to the common law count of implied assumpsit. See *Black's Law Dictionary* (7th ed.), p. 1255.

In *Flory Small Business Center v. Commonwealth*, 261 Va. 230, 541 S.E.2d 915 (2001), the Supreme Court held that quantum meruit is not available against the Commonwealth.

The holding in *Flory* is based on the principle of sovereign immunity. The Court held that the Commonwealth has not waived its immunity from liability under theories of quasi-contract, including quantum meruit.

MCI argues that *Flory* does not apply because the County is not the Commonwealth; the County is a quasi-corporate body, acting sometimes in a proprietary capacity and other times in a governmental capacity. Where, as here, the County engages in a proprietary function, it is divested of its immunity, MCI says.

MCI's argument confuses counties and municipalities in Virginia.

Admittedly, the liability or immunity of a municipality, a city, is usually determined by whether the activity giving rise to the cause of action was proprietary or governmental. See 13B M.J., *Municipal Corporations*, § 102.

However, the liability or immunity of a county is not subject to the same analysis. A county in Virginia, territorially and politically, is an integral part of the Commonwealth. Counties share the immunities of the Commonwealth. *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984). (The Commonwealth, and thus counties, may be sued in contract. The doctrine of sovereign immunity has never applied to express promises made by the sovereign for goods or services.)

Accordingly, the rationale and holding in *Flory* applies to the County. MCI cannot recover against the County on the basis of quantum meruit because the County, as the Commonwealth, is immune from such claims.

### Claim of Interest

Virginia Code § 15.2-1244 specifically states that "no interest shall be paid on any county warrant." That provision applies to county payments on construction claims and "trumps" the general judgment interest statute, § 8.01-382. *Fairfax County v. Century Concrete Services*, 254 Va. 423, 492 S.E.2d 648 (1997).

MCI argues that § 15.2-1244 and *Century Concrete* do not apply here because the County was engaged in a proprietary function rather than a governmental function when constructing a water treatment facility.

For the reason explained above, the proprietary-governmental distinction does not apply to counties. Thus, MCI's argument is without merit. It cannot recover interest.