# CIRCUIT COURT OF THE CITY OF NORFOLK

Jennifer Hartley

v.

Marco Investments, Inc.,
d/b/a Patriot Computers,
Mark Hartley,
and James Wayland

February 24, 2011

Case No. (Civil) CL10-8414

By JUDGE MARY JANE HALL

This matter came before the Court on February 7, 2011, on Plaintiff's Motion to Reconsider and Vacate Order Granting Stay under Va. Code § 13.1-749.1.

Plaintiff filed a motion for judicial dissolution of Marco Investments, Inc., on December 21, 2011; and Defendant Marco Investments, Inc., filed an application to stay the proceedings on January 11, 2011. Defendant represented that it had filed an election to purchase Plaintiff's shares pursuant to Va. Code § 13.1-749.1, that Plaintiff had attempted to negotiate the repurchase of her shares by the corporation or the other shareholders prior to filing her petition for judicial dissolution but that such efforts were unsuccessful, and that it sought to stay the proceeding for judicial dissolution and proceed to effect the determination of fair value and the purchase of Plaintiff's shares pursuant to the statute.

The parties appeared on Defendant's motion for stay on January 21, 2011. Plaintiff argued at that time that she had the right to conduct discovery in the judicial dissolution action for sixty days before the matter could be stayed, pursuant to subsections C and D of the statute:

> C. If, within 60 days of the filing of the first election,
> the parties reach agreement as to the fair value and terms of

purchase of the petitioner's shares, the court shall enter an order directing the purchase of petitioner's shares upon the terms and conditions agreed to by the parties.

D. If the parties are unable to reach an agreement as provided for in subsection C, the court, upon application of any party, shall stay the proceedings under subdivision A 1 of § 13.1-747 and determine the fair value of the petitioner's shares as of the day before the date on which the petition under subdivision A 1 of § 13.1-747 was filed or as of such other date as the court deems appropriate under the circumstances.

Va. Code § 13.1-749.1.

Plaintiff argues that the stay authorized by subsection D and requested by Defendant herein may only issue if the parties are unable to reach an agreement "as provided for in subsection C," i.e., within sixty days of the filing of the first election. She argues that no stay may issue until sixty days have elapsed and that she is therefore permitted to conduct discovery for that entire period.

The Court does not interpret the statute to prohibit a court from staying the judicial dissolution proceeding sooner than sixty days after filing of the election to purchase. Defense counsel correctly points out that the judicial dissolution proceeding is going nowhere; the only issue for the Court to determine will be the fair value of Plaintiff's shares. It would therefore seem meaningless to permit a plaintiff unrestricted discovery about issues in a case that will never be tried. Defendant proffered that it was cooperating and would continue to cooperate in making information available to Plaintiff relevant to value of the corporation.

On January 21, the Court advised the parties that it would stay the proceedings on Defendant's motion, but that Plaintiff could be heard on a motion for relief from that stay to the extent that she needed documents or information from the corporation relating to the valuation of her shares, which is now the only issue for trial. Plaintiff appeared again on February 7 seeking a reconsideration of the prior stay, arguing again that she had the right to unrestricted discovery on all issues germane to the judicial dissolution proceeding and that the pending stay prohibited her from issuing subpoenas to third parties with information about corporate transactions.

It is perhaps an unintended result of the statute that a plaintiff who originally sought to dissolve a corporation ends up in a proceeding to establish value that provides for no formal discovery, thereby limiting her ability to obtain documents and information germane to value. That disadvantageous position of a plaintiff, however, can be the subject of motion for specific relief to the Court.

On February 7, the Court denied the motion to reconsider its prior order but stated that Plaintiff was entitled to receive requested information

from the corporation relating to valuation of her shares. The parties were thereafter unable to agree upon the verbiage of a proposed order articulating the Court's ruling. Plaintiff submitted an Order reproducing verbatim her seven broad interrogatories and fourteen broad requests for production of documents to the corporation and proposed that the Court order the corporation to respond to that discovery. Defendant has objected to entry of Plaintiff's proposed order and represented that it has provided much of the requested information, that it objects to certain requested information, and that the Court should not enter the equivalent of an order compelling discovery under these circumstances.

Defense counsel has represented that his client has cooperated and will continue to cooperate to provide information to Plaintiff that relates to the value of the corporation. Based upon that representation, the Court will not order Defendant to respond to any particular request for information but expects counsel to work cooperatively to exchange information requested by the other. Plaintiff is permitted to issue subpoenas to financial institutions with which the corporation maintained an account or transacted business from January 1, 2008, forward and to accounting firms or professional advisors to Marco Investments, Inc., during that same period.

## Order Denying Motion To Reconsider

For the reasons stated in the Court's Letter Opinion dated February 24, 2011, Plaintiff's motion to reconsider this Court's Order of January 21, 2011, is denied. The Court expects that counsel will work cooperatively to exchange the requested information relating to the value of Marco Investments, Inc., notwithstanding the stay of proceedings previously entered, and the Court will hear from either party respecting that process if counsel encounter difficulties. Plaintiff is permitted to issue subpoenas to financial institutions with which the corporation maintained an account or transacted business from January 1, 2008, forward and to accounting firms or professional advisors to Marco Investments, Inc., during that same period. It is so ordered.