# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Michael S. Suter,
*ex rel.* Kenette K. Suter

v.

Scott A. Freeman
and International
Preparedness Associates, Inc.

January 7, 2015

Case No. CL14-3065

BY JUDGE H. THOMAS PADRICK, JR.

This matter came for hearing before the Court on December 22, 2014. At the hearing, Plaintiff moved to voluntarily nonsuit his cause of action. The Court requested that counsel brief the issue of whether a plaintiff petitioning for dissolution of a corporation under Virginia Code § 13.1-747(A)(1) could nonsuit his claim after an election has been made by the corporation or one or more shareholders to purchase all of the Plaintiff's shares pursuant to Virginia Code § 13.1-749.1. For the reasons stated below, the Court holds that a plaintiff in this situation cannot take a nonsuit.

Plaintiff, a shareholder of International Preparedness Associates, Inc. (IPA), filed this suit on June 30, 2014, against IPA and Scott Freeman, another shareholder of IPA. Plaintiff's complaint includes a request for judicial dissolution of IPA pursuant to § 13.1-747(A)(1). On September 26, 2014, IPA elected pursuant to § 13.1-749.1 to purchase all shares owned by Plaintiff at their fair value. IPA nonsuited its counterclaim against Plaintiff on December 22, 2014, at which point Plaintiff moved to voluntarily nonsuit his claim pursuant to § 8.01-380.

Sections 8.01-380 and 13.1-749.1 each address a plaintiff's right to nonsuit. Section 8.01-380 provides plaintiffs with one nonsuit of right so long as a motion to strike the evidence has not been sustained, the jury has not retired from the bar, or the matter has not been submitted to the court

for decision, and there is no counterclaim, cross-claim, or third-party claim that cannot be independently adjudicated. Section 13.1-749.1 provides that:

> After an election has been filed by the corporation or one or more shareholders, the proceeding under subdivision A1 of § 13.1-747 may not be discontinued or settled, nor may the petitioning shareholder sell or otherwise dispose of the petitioner's shares, unless the court determines that it would be equitable to the corporation and the shareholders, other than the petitioner, to permit such discontinuance, settlement, sale, or other disposition.

Section 13-1-749.1(B). The term "discontinue" in this statute includes a nonsuit taken by a plaintiff. *See Black's Law Dictionary* 477 (7th ed. 1999) (defining discontinuance as "[t]he termination of a lawsuit by the plaintiff; a voluntary dismissal or nonsuit"); *see also Payne v. Buena Vista Extract Co.*, 124 Va. 298, 311 (1919) ("A discontinuance is in effect a nonsuit." (internal quotation marks omitted)).

It would be unworkable in this context to employ, as Plaintiff suggests, a narrower definition of discontinue that does not include a nonsuit but includes a failure of a plaintiff to effect service or prosecute the case. Service will have been effected or waived by the time an election is made. After an election is made, a plaintiff can no longer unilaterally delay the proceedings because the defendant may apply to the court to determine the value of the plaintiff's shares and order their sale. *See* § 13.1-749.1(D) and (E) (allowing, after sixty days have passed from the election and "upon application of any party," the court to stay the proceedings under § 13.1-747(A)(1), determine the fair value of the shares, and enter an order directing their purchase); *see also Hartley v. Marco Invs., Inc.*, 82 Va. Cir. 294, 295 (Norfolk 2011) (limiting plaintiff's discovery after an election was made because "the judicial dissolution proceeding is going nowhere" and "the only issue for the Court to determine will be the fair value of Plaintiff's shares"). It would not make sense then that the General Assembly was concerned about and sought to prohibit a plaintiff from discontinuing a suit at this stage by failing to effect service or by not prosecuting their § 13.1-747(A)(1) claim.

> "When one statute addresses a subject in a general manner and another addresses a part of the same subject in a more specific manner, the two statutes should be harmonized, if possible, and when they conflict, the more specific statute prevails." *Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality, ex rel. State Water Control Bd.*, 270 Va. 423, 439-40 (2005) (*citing Capelle v. Orange County*, 269 Va. 60, 65 (2005); *Frederick County Sch. Bd. v. Hannah*, 267 Va. 231,

236 (2004); *County of Fairfax v. Century Concrete Servs.*, 254 Va. 423, 427 (1997)); *see also Khan v. Commonwealth*, 42 Va. App. 469 (2004) ("When statutes conflict, we presume the legislature intended that the more specific provision control.").

In this instance, § 8.01-380 and § 13.1-749.1 cannot be harmonized because allowing a plaintiff to nonsuit a § 13.1-747(A)(1) claim after an election is made would frustrate the intent of the language prohibiting such a nonsuit in § 13.1-749.1(B). Section 13.1-749.1 provides a specific rule for situations where a petitioner has filed for judicial dissolution and there has been an election to purchase the shares of the petitioner; and thus it must prevail over the general nonsuit language of § 8.01-380. Thus, after an election is made pursuant to § 13.1-749.1, a plaintiff petitioning for judicial dissolution may only nonsuit the case if, first, "the court determines that it would be equitable to the corporation and the shareholders, other than the petitioner, to permit such discontinuance. . . ." § 13.1-749.1(B).

For the foregoing reasons, Plaintiff's motion to nonsuit the complaint pursuant to § 8.01-380 is denied.