## CIRCUIT COURT OF FAIRFAX COUNTY

Allstate Insurance Co.

v.

Budget Rent a Car Systems, Inc.

August 6, 2004

Case No. (Law) 205357

BY JUDGE LESLIE M. ALDEN

This matter came to be heard on June 15, 2004. Allstate Insurance Company (hereafter "Allstate" ) initiated this action to recover property damage and personal injury claims that Allstate paid out under the collision and uninsured motorist coverage provisions of its insured's insurance policy. The issue under advisement is whether Defendant Budget Rent a Car Systems, Inc. (hereafter "Budget" ) may rely upon the lack of cooperation of its Lessee as a defense to coverage otherwise mandated by statute.

For the reasons stated herein, the Court concludes that Allstate is entitled to recover for the physical damage and personal injury claims based on Budget's untimely and insufficient notice as required by Va. Code §§ 46.2-368(C) and 38.2-2226.

### Factual Background

The parties stipulated to the operative facts of this case. Allstate issued to Oscar A. Casasco (" Allstate insured" ) a personal automobile insurance policy which included collision and uninsured motorist coverage. On November 11, 1997, a permissive user drove Casasco's vehicle and became involved in an accident with a Budget owned vehicle driven by Somloudee Tongkul (" Lessee" ). This accident resulted in damage to the Allstate insured vehicle "property damage claim" ) and in personal injuries (" personal injury claims" )

to the Allstate permissive user and passenger (together, "Allstate occupants"). At all pertinent times hereto, Budget held a certificate of self-insurance.

Counsel for the Allstate occupants first sent Budget a letter dated November 13, 1997. The letter advised Budget that these occupants sustained personal injuries and property damage from the November 11, 1997, accident. In January 1998, Budget communicated with its Lessee concerning the accident.

Allstate paid the property damage claim to its insured under the collision coverage provision of the policy. Allstate first provided Budget with notice of its property damage subrogation claim via a letter dated April 28, 1998. Allstate then brought an action against the Lessee to recover the property damage payment through subrogation. Budget advised Allstate on May 23, 2001, that its Lessee was not cooperating and that Budget would not provide Lessee with a defense in the property damage claim matter. Thereafter, this Court entered judgment against Lessee on June 8, 2001, in the amount of $13,941.06 for the property damage claim.

The Allstate occupants also brought civil actions against the Lessee for personal injuries. Although Budget learned of the actions, it was not named as a party. Budget sent a certified letter to its Lessee on July 1, 1999, advising the Lessee of Budget's intent to have counsel enter an appearance on Lessee's behalf regarding the personal injury claims. Budget then sent Lessee another certified letter dated July 13, 1999, requesting Lessee's cooperation and response by July 23, 1999. Although Budget received a return receipt confirmation for this second letter, Budget was not contacted by its Lessee. Budget then sent a letter dated August 10, 1999, to the Allstate occupants' counsel, communicating that Budget would not enter an appearance in the personal injury actions on behalf of its Lessee.

After a jury trial on each claim, final judgment orders were entered on October 12, 2000, against Lessee on the personal injury claims in the amounts of $11,700 and $6,652. On October 26, 2001, Allstate paid these personal injury judgments on behalf of its insured, pursuant to the contractual provisions regarding uninsured motorists; Allstate subsequently initiated the instant action.

### Analysis

In order for Allstate to recover from Budget, Allstate must prove that: (1) Allstate has a subrogation right and (2) coverage was available for the damages by Budget to its Lessee. If these questions are answered affirmatively, Budget then must prove its affirmative defense to coverage, if any, in order to disclaim liability. *Erie Ins. Exch. v. Meeks*, 223 Va. 287, 288 S.E.2d 454 (1982).

## A. *Allstate Has a Subrogation Right*

In this case, Allstate has established a subrogation right because the parties stipulated that Allstate has this right under Va. Code § 38.2-2206(G). Va. Code § 38.2-2206(G) provides that "any insurer paying a claim under the endorsement or provisions required by subsection A of this section shall be subrogated to the rights of the insured to whom the claim was paid against the person causing the injury, death, or damage and that person's insurer, although it may deny coverage for any reason, to the extent that payment was made."

## B. *Coverage is Available for the Damages by Budget to its Lessee*

Budget held a certificate of self-insurance. A self-insured engaged in the business of renting automobiles and trucks without drivers may not lawfully rent a vehicle unless that vehicle is insured with the statutorily mandated amount of primary bodily injury and property damage liability coverage. *USAA Cas. Ins. Co. v. Hertz Corp.*, 265 Va. 450, 578 S.E.2d 775 (2003). The liability protection agreement between Budget and its Lessee is to be treated as primary coverage. Therefore, coverage was available for the damages arising out of Lessee's liability.

## C. *Budget Has Not Borne its Burden on the Affirmative Defense*

Budget contends that it is not liable for the damages as a result of the statutory defense to coverage provided under Va. Code §§ 46.2-368(C) and 38.2-2226. Va. Code § 46.2-368(C) provides that the defendant "shall not be liable to pay any judgment arising out of the use or operation of any motor vehicle covered by such certificate by a permissive user of such vehicle, where the permissive user has prejudicially failed to cooperate in the defense of the claim which resulted in the judgment" provided that the holder has "provided notice of its intention to rely on the provisions of this subsection as set forth in § 38.2-2226."

Va. Code § 38.2-2226 sets forth how an insurer may timely notify the insured of its intentions:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured, the insurer shall notify the claimant or the claimant's counsel of the breach. Notification shall be given within forty-five days after discovery by the insurer of the breach or of the claim, whichever is later.

In order to determine whether this defense is available to Budget, we must first identify the date Budget received the "claim." Then we must identify the date upon which Budget discovered that its Lessee "breached" the agreement by failing to cooperate. In order to successfully disclaim liability, Budget must give notice to Allstate of the noncooperation and its intention to rely on Virginia law in disclaiming. Notice then must be given within 45 days of the "claim" or the "breach," whichever is later. Va. Code §§ 46.2-368(C), 38.2-2226

### 1. Property Damage Claim

With regard to the property damage claim, Allstate first sent notice of its subrogation claim to Budget, on April 28, 1998, regarding the $13,941.06 that Allstate paid its insured under the insured's collision coverage provision. This Court finds that the "breach" date occurred on July 23, 1999, when the Lessee failed to respond to the certified letter sent by Budget.

Here the "breach" date is later than the "claim" date; therefore, the 45-day period began to run from July 23, 1999, expiring on September 6, 1999. Budget notified Allstate, by letter, of the Lessee's noncooperation and of Budget's intent to rely on Virginia law to disclaim the property damage claim. However, Budget's letter dated May 23, 2001, is clearly outside the 45-day time period. Therefore, the Court concludes that Budget is not entitled to this defense to coverage provided on the property damage claim.

### 2. Personal Injury Claims

With regard to the personal injury claims, Budget received notice of the "claim" via the letter dated November 13, 1997, sent from the occupants' counsel to Budget. The "breach" date is, again, determined to be July 23, 1999, at which time the Lessee failed to respond to Budget's certified letter.

Because the "breach" date is again later than the "claim" date, Budget had to provide notice within 45 days of July 23, 1999, or by September 6, 1999.

Budget sent a timely letter dated August 10, 1999, to the Allstate occupants' counsel. The letter states:

> Dear Joe: As you know, I was retained by Budget to determine whether or not they would provide a defense to the renter, Somloudee Tongkul in the suit filed by your clients, Matilda Casasco and Mabel Corda-Diamanti. The renter has not responded to me despite receipt of a registered letter and, as a result, I have

been instructed not to enter an appearance on her behalf. Thank you for your attention to this matter.

Pursuant to Va. Code § 46.2-368(C), the notice needs to include Budget's "intention to rely on the provisions of this subsection as set forth in § 38.2-2226." Budget did not include such a statement in the letter. Therefore, the Court concludes that this notice, while timely, was not sufficient to comply with Va. Code § 46.2-368(C). Therefore, Budget is not entitled to this defense for the personal injury claims.

Because the Court determines that Budget failed to provide adequate notice, it is unnecessary to reach the further question of whether Budget's lessee "prejudicially failed to cooperate in the defense." However, to the extent evidence was submitted touching on this issue, the Court concludes it was insufficient to meet Budget's burden of persuasion.

Accordingly, the Plaintiff's Motion for Judgment is granted, and an order incorporating the Court's ruling will be entered on this date.

## Order

This matter came to be heard upon a bench trial on June 15, 2004. It appearing to the Court, for the reasons set forth in the Court's opinion entered on this date and incorporated herein, that judgment should be granted to the Plaintiff, it is, therefore, adjudged, ordered, and decreed that judgment is entered on behalf of the Plaintiff, Allstate Insurance Company, against the Defendant, Budget Rent A Car Systems, Inc., in the amount of $32,293.06, plus interest at the judgment rate from this date.