Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Koontz, S.J.

FARMERS INSURANCE EXCHANGE

OPINION BY
v.    Record No. 100082        JUSTICE LEROY F. MILLETTE, JR.
                                       April 21, 2011
ENTERPRISE LEASING COMPANY, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

In this appeal, we consider whether a self-insured rental car company may seek indemnification from its renter for damages the company paid to a third party due to the renter's negligence in an automobile accident. We also consider whether the renter's insurer is required, under the terms of its policy, to reimburse the rental car company for damages it satisfied on behalf of the insured. We answer these questions affirmatively.

I. BACKGROUND

The relevant facts of this case are not in dispute. Bataa Baasanjav rented an automobile from Enterprise Leasing Company (Enterprise), a self-insured rental car company. Enterprise's lease agreement (lease agreement) with Baasanjav provided him the option of purchasing supplemental liability protection (SLP) for an additional cost. The SLP provides liability protection to renters and is issued by a separate insurance company. Baasanjav declined to purchase the SLP. The lease

1

agreement also contained an indemnification provision, which stated in part:

> Indemnification by Renter. Renter shall defend, indemnify and hold Owner harmless from all losses, liabilities, damages, injuries, claims, demands, costs, attorney fees, and other expenses incurred by Owner in any manner from this rental transaction, or from the use of Vehicle by any person, including claims of, or liabilities to, third parties. Renter may present a claim to Renter's insurance carrier for such events or losses; but in any event, Renter shall have final responsibility to Owner for all such losses.

Baasanjav was insured under an automobile insurance policy (the Farmers policy) issued by Farmers Insurance Exchange (Farmers). The Farmers policy provided that Farmers would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . injury to or destruction of property . . . arising out of the ownership, maintenance or use of the owned automobile." Under the terms of the policy, the definition of an "owned automobile" includes a "temporary substitute automobile," which is defined as "any automobile . . . not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile . . . when withdrawn from normal use because of its . . . repair." The vehicle Baasanjav rented from Enterprise qualified as a "temporary substitute automobile," and thus was an "owned

2

automobile," because Baasanjav rented the vehicle from Enterprise as a temporary substitute while his vehicle was being repaired due to an accident.

The Farmers policy also contained an "Other Insurance" clause, which stated in relevant part:

[T]he insurance [provided by Farmers] with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other and collectible insurance.

(Emphasis added).

Baasanjav was involved in an accident with another driver while driving the Enterprise rental car. The parties stipulated that Baasanjav was liable for the damages to the other driver's car, which totaled $5,000.34. Enterprise paid this sum to the other driver. Enterprise then sent a letter to Baasanjav notifying him that it claimed a right of indemnity from him for the payment made to the other driver. Baasanjav refused to indemnify Enterprise.

Farmers filed a complaint for declaratory relief asking the circuit court to determine whether Enterprise had a right to recover from Farmers or Baasanjav, or both, under the terms of the Farmers policy and the lease agreement. Farmers sought a declaration that Enterprise had no right to recover from Farmers or Baasanjav. Farmers also asked the court to declare that Enterprise must provide primary liability coverage for the

damages. Enterprise filed an answer and a counterclaim for declaratory relief, asking the court to declare that Baasanjav must indemnify Enterprise pursuant to the indemnification provision of the lease agreement. Enterprise also asked the circuit court to declare that Farmers must reimburse Enterprise for the sum that Enterprise paid to the third party on behalf of Baasanjav.

The parties filed a stipulation of facts, and Enterprise filed a motion for summary judgment. In a letter opinion, the circuit court, citing our decision in USAA Cas. Ins. Co. v. Hertz, 265 Va. 450, 578 S.E.2d 775 (2003), noted that "the Virginia Supreme Court unambiguously stated that a rental car company, such as Enterprise, is required to lease cars that carry primary liability insurance coverage." Continuing, the circuit court stated that "Hertz, however, did not answer the question presented in this case which is whether a rental car company, such as Enterprise, which leases cars under a certificate of self-insurance, may seek indemnification from its renters for losses incurred when the renter's negligence causes damage to a third party." The court concluded that enforcement of the indemnity provision does not contravene the holding in Hertz and that Enterprise may seek indemnification from Baasanjav.

4

The court also ruled that, under the terms of its policy, Farmers is liable for the amount Enterprise paid to the other driver.  The court noted that the rental car qualified as an "owned automobile," contractually obligating Farmers to pay the damages caused by Baasanjav in the accident.  The court rejected Farmers' argument that the policy's "Other Insurance" clause applied, ruling that self-insurance is not "collectible insurance" under that clause.  The circuit court entered a final order granting Enterprise's motion for summary judgment for the reasons set forth in its letter opinion.  We granted Farmers this appeal.

## II. DISCUSSION

### A. Standard of Review

In this case, the circuit court granted Enterprise's motion for summary judgment relying on stipulated facts.  We review de novo the circuit court's application of the law to the undisputed facts.  Johnson v. Hart, 279 Va. 617, 623, 692 S.E.2d 239, 242 (2010).

### B. Indemnity Provision

Farmers argues that the circuit court's ruling contravenes our decision in Hertz.  According to Farmers, Hertz holds that a self-insured rental car company, such as Enterprise, must provide primary bodily injury and property damage liability

5

insurance coverage to its renters.  Farmers contends that the circuit court ignored this requirement by ruling that Enterprise could seek indemnity from Baasanjav, and ultimately from Farmers, as Baasanjav's insurer.  This ruling, Farmers maintains, renders Enterprise's coverage "tertiary," rather than primary, as required by Hertz.  Farmers also asserts the circuit court's ruling violates the anti-subrogation rule because it allows an insurer to seek indemnity from its insured.

In response, Enterprise argues that the circuit court's decision is consistent with our decision in Hertz.  Enterprise contends that it complied with the directive in Hertz – that a self-insured rental car company provide primary coverage to its renters – by promptly paying the third party's damages for which Baasanjav was liable.  According to Enterprise, Hertz does not bar a self-insured rental car company from seeking indemnity from its renters for damages caused by the renters' negligence.  We agree with Enterprise.

In Hertz, we considered whether a self-insured rental car company must provide primary liability coverage to its renters.  After analyzing the relevant statutory provisions applicable to self-insured rental car companies, we held that those provisions

6

> evince a clear legislative intent that a company renting a motor vehicle without a driver in Virginia must assure that the vehicle has the statutory minimum liability insurance coverage.  Such intent is in keeping with the long-standing public policy to assure that motor vehicles driven on the highways of Virginia are subject to a minimum level of primary liability insurance in order to provide for the protection and compensation of innocent parties injured in motor vehicle accidents.

265 Va. at 457, 578 S.E.2d at 778-79.  Thus, we concluded that "a self-insurer engaged 'in the business of renting automobiles and trucks without drivers,' may not lawfully rent one of its vehicles unless that vehicle is insured with the statutorily mandated amount of _primary_ bodily injury and property damages liability coverage."  _Id._ at 458, 578 S.E.2d at 779 (quoting Code § 46.2-108(D)) (emphasis in original).

Our decision in _Hertz_ was based on the public policy to assure that innocent parties injured in automobile accidents in Virginia are afforded a minimum level of protection.  To give effect to this policy, we held that self-insured rental car companies must provide primary bodily and property damage liability coverage in the amounts statutorily mandated.  In this case, Enterprise fulfilled that obligation by promptly paying the damages incurred by the third party driver as a result of Baasanjav's negligence.

It is Farmers' contention that in _Hertz_, in addition to requiring self-insured rental car companies to provide primary

7

liability insurance coverage, we also resolved issues of priority between self-insured rental car companies and renters' insurers. Farmers points to our language in Hertz that the obligation to provide primary liability insurance coverage imposed on the self-insured rental car company "could not be delegated to [the renter's insurer] through [the self-insured rental car company's] rental car agreement." Id. at 458, 578 S.E.2d at 779. Thus, it is Farmers' position that the interpretation of the relevant statutory scheme as explicated in Hertz required the self-insured rental car company to afford primary coverage in relation to the renter and the renter's insurer.

Contrary to Farmers' contention, we did not address the issue of reimbursement between the renter's insurance company and the self-insured car rental company in Hertz. In fact, we limited our holding "to a declaration that [the rental car company] is required to provide primary liability coverage and a defense to [the renter] in the event [the third party] makes a claim against him." Id. at 459, 578 S.E.2d at 779. This case, therefore, presents an issue that was not before us in Hertz: whether a self-insured rental car company may seek indemnification from its renters for damages caused by the renters' negligence once the rental car company has satisfied

its obligation to afford primary bodily injury and property damage coverage as required by Hertz.

An indemnification provision in an agreement is nothing more than a contract between parties to pre-determine the allocation of a potential risk of loss. Estes Express Lines, Inc. v. Chopper Express, Inc., 273 Va. 358, 366, 641 S.E.2d 476, 479 (2007). Virginia law favors the making of contracts between competent parties for a valid purpose. Shuttleworth, Ruloff & Giordano, P.C. v. Nutter, 254 Va. 494, 498, 493 S.E.2d 364, 366 (1997). A party to an indemnification agreement is entitled to enforce the agreement according to its agreed terms. Safeway, Inc. v. DPI Midatlantic, Inc., 270 Va. 285, 290, 619 S.E.2d 76, 79 (2005).

In Estes, we held that an indemnification provision in a vehicle lease agreement was not void as against public policy. 273 Va. at 367, 641 S.E.2d at 480. In holding that the indemnification provision was enforceable, we stated that "it is evident that enforcement of an indemnity provision does not jeopardize in any way the injured party's ability to recover." Id. at 366, 641 S.E.2d at 480.

Baasanjav and Enterprise agreed to such an indemnification provision as part of the lease agreement. When Baasanjav rented the temporary substitute automobile from Enterprise, he

9

made a choice concerning his responsibility to Enterprise for damages to third parties due to his own negligence. Baasanjav could have purchased the SLP, which would have afforded him independent insurance against his obligation to indemnify Enterprise for the damages paid to the third party. By declining to purchase the SLP, Baasanjav subjected himself to the terms of the indemnification provision, which required him to indemnify Enterprise for damages paid to the third party.

Our holding does not, as Farmers contends, violate the anti-subrogation rule. The anti-subrogation rule provides that an insurance company may not seek indemnification from its insured. Walker v. Vanderpool, 225 Va. 266, 271, 302 S.E.2d 669, 672 (1983) ("where the plaintiff has contracted to protect the defendant from a loss by procuring insurance, the plaintiff (or his subrogee) may not recover for that loss from the defendant even if the loss is caused by the defendant's negligence."). The essence of the anti-subrogation rule is that although an "insurer who has paid the loss resulting from a peril insured against may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused[, the right of subrogation] does not apply in a case where the injury was caused by the negligence of the insured himself." Sherwood Trucking, Inc. v.

10

<u>Carolina Cas. Ins. Co.</u>, 552 F.2d 568, 572-73 (4th Cir. 1977) (citation and quotation marks omitted).

Farmers' reliance on this rule is misplaced because the rule applies to insurers, not self-insurers, such as Enterprise. We have recognized that there is a distinction between insurance companies and self-insurers. <u>Yellow Cab Co. of Virginia v. Adinolfi</u>, 204 Va. 815, 818, 134 S.E.2d 308, 310 (1964). Likewise, there is a distinction between self-insurance and insurance. "Insurance is a matter of contract." <u>Id.</u> (internal quotation marks omitted). "A necessary element of insurance is the existence of a contract between insurer and insured." <u>Id.</u> With self-insurance, there is neither an insured nor an insurer. In fact, self-insurance does not involve the transfer of a risk of loss, but rather a retention of that risk, making it the "antithesis of insurance." <u>Physicians Ins. Co. v. Grandview Hosp. and Med. Ctr.</u>, 542 N.E.2d 706, 707 (Ohio Ct. App. 1988). In effect, self-insurance operates as "assurance" that judgments will be paid. <u>Northern Indiana Pub. Serv. Co. v. Bloom</u>, 847 N.E.2d 175, 185 (Ind. 2006).

Enterprise retained the risk of loss due to the negligence of its renters by electing to operate as a self-insurer pursuant to Code § 46.2-368. Enterprise does not issue

11

insurance policies, collect premiums, or file insurance rates with the State Corporation Commission's Bureau of Insurance. Additionally, Enterprise does not maintain reserves and pay insurance premium taxes, as insurers are required to do. Therefore, Enterprise is not an insurance company, and, for this reason, the anti-subrogation rule does not prohibit Enterprise from seeking indemnification from Baasanjav pursuant to the indemnification provision of the lease agreement.

## C. Farmers' Duty to Reimburse Enterprise

Having determined that Baasanjav is obligated to indemnify Enterprise for damages it paid to a third party for Baasanjav's negligence, our final inquiry is whether Farmers has a duty to reimburse Enterprise pursuant to the terms of the Farmers policy.

Farmers argues that the circuit court erred in ruling that self-insurance was not "collectible insurance" under the "Other Insurance" clause in the Farmers policy. Farmers contends that self-insurance qualifies as "collectible insurance." Continuing this argument, Farmers asserts that it should not be held liable to either Baasanjav or Enterprise because its obligation is limited to excess coverage pursuant to the "Other Insurance" clause. We disagree.

12

Under the plain language of the "Other Insurance" provision, if there is other "collectible insurance" available to Baasanjav, the coverage provided by Farmers is limited to excess coverage.  To resolve this issue, we must determine whether self-insurance constitutes "collectible insurance."  As explained earlier, self-insurance is not the equivalent of insurance under Virginia law.  Accordingly, we hold that Enterprise's self-insurance does not constitute "collectible insurance" within the meaning of the "Other Insurance" provision.

This position is shared by a number of jurisdictions that have held that self-insurance is not insurance as that term is used in "other insurance" clauses.  See, e.g., St. John's Reg'l Health Ctr. v. American Cas. Co., 980 F.2d 1222, 1224-25 (8th Cir. 1992); Wake County Hosp. Sys., Inc. v. National Cas. Co., 804 F.Supp. 768, 776 (E.D. N.C. 1992); Universal Underwriters Ins. Co. v. Marriott Homes, Inc., 238 So.2d 730, 732 (Ala. 1970); State v. Continental Cas. Co., 879 P.2d 1111, 1116 (Idaho 1994); State Farm Mut. Auto. Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184, 1186-87 (Fla. Dist. Ct. App. 1981). Therefore, because self-insurance is not insurance for purposes of invoking the excess coverage restriction in the Farmers policy, the circuit court did not err in ruling that Farmers is

13

required to reimburse Enterprise for the damages caused by Baasanjav's negligence.

## III. CONCLUSION

For the reasons stated above, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>